[No. 8,673.—In Bank.]
November 23, 1882.

# BELCHER CONSOLIDATED GOLD MINING COMPANY v. AUGUSTINE DEFERRARI ET AL.

EJECTMENT—DAMAGES—FINDINGS—ESTOPPEL BY JUDGMENT.—The complaint being in ejectment, with an averment of damages, the Court below failed to find expressly upon the issue created by the denial of that averment; but no judgment was rendered for damages.

*Held:* The defendant can not complain of omission which did them no injury. The judgment will bar any further action to recover the same damages.

LOCATION OF MINING CLAIMS—ESTOPPEL BY DEED—JUDICIAL NOTICE.—The lower Court found that, on a certain day, the plaintiff became the purchaser by "deed from the defendants and others," of the mining claims described in the complaint, and entered into possession thereof.

*Held:* In the absence of proof of subsequently acquired title from a paramount source, the defendants are estopped from denying that they and their co-grantors were the owners of and entitled to the possession of the mining claims at the execution of the deed.

ID.—ID.—ID.—As the appellate Court takes notice of the character of the property, and its original ownership in the United States, defendants are estopped from denying that they and their co-grantees (or those from whom they derived) had located the mines in accordance with the laws of the United States, the only way in which the title could be acquired.

WORK ON MINING CLAIMS—FORFEITURE.—The lower Court found that in the year 1880 plaintiff expended in labor on the two claims one hundred dollars, and in January, 1881, resumed work upon the claims and expended in labor twenty-four dollars before the entry and location of defendants in August, 1881.

*Held:* Under Section 2324, Revised Statutes of the United States, allowing resumption of work, "after failure and before location," plaintiff's rights were not forfeited when defendants entered.

ID.—ID.—It is unnecessary to decide that an attempt to assert a continuous right may be based upon a pretense of work, so plainly a sham that it will be disregarded, as here the work done was actual and valuable.

ID.—ID.—Forfeitures and denouncements are not to be favored by basing them upon language which does not plainly and unmistakably provide for them.

APPEAL from a judgment for the plaintiff, in the Superior Court of Tuolumne County.

*Street & Street*, for Appellants.

The Court failed to find on all the material issues of the case, in omitting to find on the issue of damages. The judg-

ment, as it now stands, could not be pleaded in bar to a further suit by plaintiff against defendants to recover the damages alleged to have been sustained by reason of the acts of defendants. (*Glascock* v. *Ashman,* 52 Cal. 420; *Morenhaut* v. *Wilson,* id. 263; *Watson* v. *Cornell,* id. 91; *Phipps* v. *Harlan,* 53 id. 87; *Baggs* v. *Smith,* id. 88; *Shaw* v. *Wandesforde,* id. 300; *Taylor* v. *Reynolds,* id. 686; *Paulson* v. *Nunan,* 54 id. 123; *Byrnes* v. *Claffey,* id. 155; *Du Prat* v. *James,* 10 P. C. L. J. 102.)

The first requisite for holding the possession of mining lands belonging to the Government of the United States is a location, which shall comply with the requirements of Section 2324 of the United States Revised Statutes. The Court below has not found that the plaintiff, or its grantor, made any location, valid or otherwise, of the mining claims in controversy. As far as the finding shows, the deed from the defendants and others, is the only title to the right of possession which plaintiff has to these mining claims. Defendants are not estopped from denying the title of plaintiff to the portion of those mines conveyed to it by its other grantors. The defendants aver in their answer, "that the said mining claims, prior to August 1, 1881, were a part of the public domain and belonged to the United States Government, and were open to location by citizens of the United States." There is no finding whatever upon this affirmative matter set up in the answer, which, constituting a valid defense, should have been found on. (*Swift* v. *Canavan,* 52 Cal. 417.) Upon these facts as found, appellants are entitled to judgment. (Hilliard on New Trials, 104, § 12.)

Plaintiff did not make such a resumption of labor in the month of January, 1881, upon these mining claims, as would relieve them from the forfeiture of the year 1880. If the expenditure of twenty-four dollars in labor for the month of January, and no further labor done, during the first six months of the year, after the forfeiture of 1880, is a sufficient resumption, and saves a complete forfeiture of these mining claims, then they may be held from year to year, with the expenditure of only twenty-four dollars upon them, or even less. Appellants hold, that a resumption of labor, in good

faith, upon a mining claim, should be by an expenditure, for labor and improvements, sufficient to make up the balance of the deficiency for the former year, and also begin the assessment work for the incoming year.

*Edwin A. Rodgers,* for Respondent.

A finding on the issue for damages is not material nor necessary to sustain a judgment for the recovery of the claims. The defendants can not complain because there is no finding on the question of damages. They are not hurt.

The plaintiff had a right to waive that branch of its case. Admitting that the claims were subject to relocation on the first of January, 1881, by reason of the non-performance of the amount of work on said claims in 1880, required by law to hold said claims, still plaintiff, by resuming work on said claims in January, 1881, and before defendants attempted relocation thereof, made said claims not subject to relocation by defendants. (*Gonu* v. *Russell*, 3 Montana, 358; 1 Miller, U. S. S. Court, 104; U. S. Rev. Stat., § 2324.)

McKINSTRY, J.:

The complaint is in the ordinary form of ejectment, with an averment of damages caused by the excavation and removal of gold-bearing quartz by defendants during their adverse holding.

1. The Court below failed to find expressly upon the issue created by the denial of the averment as to damages. It is urged by appellants that this failure necessitates a reversal of the judgment. But no judgment was rendered for damages, and defendants (the appellants) can not complain of an omission which did them no injury. The judgment herein will constitute a bar to any further action to recover the same damages.

2. It is said there is no finding that plaintiff or his grantors *located* the mine as required by Section 2324 of the United States Revised Statutes. The Court found that plaintiff, on the ninth day of April, 1878, became the purchaser "by deed from the defendants and others" of the mining claims described in the complaint, entered into possession thereof, etc. In the absence of proof of subsequently ac-

quired title from a paramount source, the defendants are estopped from denying that they and their co-grantors were the owners of and entitled to the possession of the mining claims when the deed to the plaintiff was executed. As we take notice of the character of the property and its original ownership in the United States, the defendants were estopped from denying that they and their co-grantors (or those from whom they derived) had located the mines in accordance with the laws of the United States—the only way in which the title could be acquired.

3. The Court found that in the year 1880 plaintiff expended in labor on the two claims one hundred dollars; that in January, 1881, plaintiff resumed work upon the claims, and expended in labor twenty-four dollars. Defendants entered and located in August, 1881. As the plaintiff had resumed work upon the claims "after failure and before location," his rights were not forfeited when defendants entered. (R. S. U. S., § 2324.)

It is urged that the resumption of work was not such as is required by the Act of Congress; that if so, one may fail to perform the work required by the Act during any year, and yet keep alive his right indefinitely by doing *any* work during the January following. In other words, that, by such construction, while the Act requires one hundred dollars' worth of work each year, a party may keep his claim good by doing one dollar's worth each year, provided he shall succeed in doing it before a relocation can be accomplished. It is not necessary to decide that an attempt to assert a continuous right may be based upon a pretense of work, so plainly a sham as that it will be disregarded. But here the work done was actual and valuable. The letter of the statute upholds the view, as to resumption of work, taken by the Court below, and forfeitures and denouncements are not to be favored by basing them upon language which does not plainly and unmistakably provide for them.

Judgment affirmed.

MCKEE and ROSS, JJ., concurred.