HONAKER, RESPONDENT, *v.* MARTIN ET AL., APPELLANTS.

[Argued July 6, 1891. Decided July 29, 1891.]

MINES AND MINING—*Section 2324 of the United States Revised Statutes construed—Resumption of work after forfeiture.*—Under section 2324 of the Revised Statutes of the United States, providing that upon the failure of the locator of a mining claim to perform one hundred dollars' worth of labor or improvements thereon during each year the claim shall be open to relocation in the same manner as if no location had ever been made, provided, that the original locators "have not resumed work upon the claim after failure and before such location," the locator of a claim, whose rights are subject to forfeiture for failure to perform such annual labor or improvements, and who avails himself of the statutory privilege of resuming work to preserve his estate from forfeiture, must prosecute the same with reasonable diligence until the requirement for the annual labor and improvements has been obeyed.

SAME.— In the case at bar it appeared that the plaintiff, in an action to recover possession of a mining claim, had located it in January, 1888, but did not go upon it until May, 1890, the defendants then being in possession; that a person employed by plaintiff to represent the claim and to whom he had paid one hundred dollars, testified that he labored on the claim from December 22, 1889, to January 12, 1890; that his work consisted in conveying to the mine logs and lumber of the value of sixty-three dollars which were not used, also tools, buckets, and wire rope which he removed upon leaving; that he cut half a dozen logs and put them in the mine; that he drifted five or six feet but did not haul any dirt from the mine; and that he earned over fifty dollars by his work in January. The claim was relocated by the defendants April 25, 1890, and their testimony tended to show that no work had been done on the property in 1889 or 1890. *Held*, that the plaintiff had not in good faith "resumed work" on the claim before its relocation within the meaning of section 2324 of the Revised Statutes of the United States.

*Appeal from Fifth Judicial District, Jefferson County.*

Action to recover possession of a mining claim. The cause was tried before GALBRAITH, J. Plaintiff had judgment below.

*Charles O'Donnell,* for Appellants.

If respondent resumed work in 1890 he should have performed one hundred dollars' worth of work, and to the extent as required by law. (*Lacey* v. *Woodward,* 25 Pac. Rep. 785, New Mexico, Jan. 1891.) The court erred in instructing the jury, in substance, that the hauling of boards, etc., upon the Lone Star Claim, without making any further use of them, is not annual expenditure on a mining claim under section 2324 of the Revised Statutes of the United States; and that if plaintiff hauled on the ground boards, etc., but did not utilize them with a view to developing the mine, the said hauling of boards, etc., is of no avail, and does not come within the spirit of the statute as annual expenditure. (*St. Louis Smelting Co.* v. *Kemp,* 104 U. S. 636; *McGarrity* v. *Byington,* 12 Cal. 426.) The proposition "that all efforts made and work done outside of the limits of the claim in dispute with a *bona fide* intent to work the claims are justly considered as work done upon the claims by relation and intendment, cannot be maintained." (*Remmington* v. *Baudit,* 6 Mont. 138.) "The building of a house or cabin is not one of the necessary means or instruments for extracting ore from a mine." (*Duprat* v. *James,* 65 Cal. 555.) The right of the original locator to perform the required amount of work after such failure, and retain the benefit of his location, is dependent upon the performance of the labor before the relocation. (*Little Gunnel Gold Min. Co* v. *Kimber,* 1 Morrison, 536.) The law requiring work to be performed is to be construed to favor the defendant. Appellant cites the following cases: *Jackson* v. *Roby,* 109 U. S. 440; *Packer* v. *Heater,* 4 Morrison, 447; *Jupiter Min. Co.* v. *Bodie Con. Min. Co.* 7 Sawy. 115; 11 Fed. Rep. 696; *United States* v. *Iron Silver Co.* 24 Fed. Rep. 568; *Lacey* v. *Woodward,* 25 Pac. Rep. 785, New Mexico, Jan. 1891.

*Corbett & Wellcome*, for Respondent.

The question of plaintiff's resumption of work in good faith in 1890, and before relocation, having been properly submitted to the jury at the trial, the court below committed no error in overruling defendants' motion for a new trial. If plaintiff, in good faith, in January, 1890, after forfeiture and before location by defendants, resumed work and made valuable improvements on the claim, his rights were not forfeited when defendants entered in May, 1890. (U. S. Rev. Stats. § 2324; *Goniu* v. *Russell*, 3 Mont. 358; *Belcher Con. Gold Min. Co.* v. *Deferrari*, 62 Cal. 160; *Pharis* v. *Muldoon*, 75 Cal. 284; *Little Gunnel Gold Min. Co.* v. *Kimber*, 1 Morrison, 536.

BLAKE, C. J. — This action was commenced by Honaker, the respondent, to recover the possession of the Lone Star Lode Mining Claim. The answer alleges that "no work or improvements were done or performed upon said Lone Star Mine or claim in the year 1889, and in consequence thereof said claim was forfeited if it ever existed." The court instructed the jury that the evidence "shows that the plaintiff Honaker did not do the required amount of work on said claim in said year 1889, and that, therefore, said claim was open to relocation, by any proper person, on the 1st of January, 1890. . . . . But to this the plaintiff replies, and says that he resumed work upon said claim after his failure to do said work, and before the time (April 25, 1890) of the location of said claim by the defendants." The jury were further instructed that there was only one question for their consideration, to wit: "Did the plaintiff Honaker, in good faith, honestly and in fact, resume proper work upon said claim prior to said location thereof by the defendants?" The following instructions were also given: "If, from all of the evidence in the case, you shall be satisfied that the question . . . . should be answered in the affirmative, then you should find for the plaintiff; otherwise for the defendant. . . . . In this case the plaintiff affirms and asserts that he did resume work upon the Lone Star Claim before the date of the location thereof by the defendants, and therefore the burden of the proof is upon him." The verdict was in favor of Honaker, and the defendants moved for a new trial, which was refused.

The issue of law in this case depends upon the construction of this section of the Revised Statutes of the United States: "On all claims located after the tenth day of May, 1872, and until a patent has been issued therefor, not less than one hundred dollars' worth of labor shall be performed or improvements made during each year; . . . . and upon a failure to comply with these conditions, the claim or mine upon which such failure occurred shall be open to relocation in the same manner as if no location of the same had ever been made, provided that the original locators, their heirs, assigns, or legal representatives, have not resumed work upon the claim after failure and before such location." (§ 2324.) The contention is practically limited to the words "resumed work," and most of the authorities furnish definitions which do not satisfy the case at bar. Judge Sawyer, in *North Noonday Min. Co.* v. *Orient Min. Co.* 6 Sawy. 314; 1 Fed. Rep. 522, said: "The statute nowhere authorizes a person to trespass upon or to relocate a claim, before properly located by another, however derelict in performing the required work the first locator may have been, provided he has returned and resumed work, and is actually engaged in developing his claim at the time the second locator enters and attempts to secure the claim." The learned judge repeated this doctrine in *Jupiter Min. Co.* v. *Bodie Con. Min. Co.* 7 Sawy. 115; 11 Fed. Rep. 666, and *Lakin* v. *Sierra Buttes G. Min. Co.* 11 Sawy. 241; 25 Fed. Rep. 337. In *Gonu* v. *Russell*, 3 Mont. 358, it was held that the locator of a lode mining claim "had the right to defeat the forfeiture of his interest in the property by resuming labor thereon before a location thereof had been made by another;" and that "the resumption of labor in good faith," by one who had failed to comply with the statute, *supra*, and perform the work thereby required, before the completion of a new location which had been commenced, nullified the acts of the second locator. Gonu posted his notice, but did not mark out his boundaries until Russell had resumed work. The case of *Pharis* v. *Muldoon*, 75 Cal. 284, is to the . same effect, but an additional fact appears: "At one o'clock A. M. of that day (January 1, 1886) plaintiff posted his notice, but did not mark out his boundaries until January 5th. In the mean time, that is to say, at the usual hour of commencing

work of that kind, on the first day of January, 1886, the defend-
ant resumed labor on his claim; did ten dollars' worth of work
on it up to the 5th of January, 1886; and afterwards, during
that year, performed labor upon it to the amount of two hun-
dred dollars more." (See, also, *Lacey* v. *Woodward*, 25 Pac.
Rep. 785, New Mexico, Jan. 1891; *Belk* v. *Meagher*, 3 Mont.
65; affirmed, 104 U. S. 279.) In the last case Chief Justice
Waite said: "As we think, the exclusive possessory rights of
the original locator and his assigns were continued, without any
work at all, until January 1, 1875, and afterwards if, before
another entered on his possession and relocated the claim, he
resumed work to the extent required by the law. His rights
after resumption were precisely what they would have been if
no default had occurred." This opinion seems to give a mean-
ing to the amount of labor demanded by the statute, *supra*,
and it must be "to the extent required by the law." Judge
Hallett instructed the jury in the United States Circuit Court
for the District of Colorado, in *Little Gunnel Gold Min. Co.* v.
*Kimber*, 1 Morrison, 536, that a party, who fails to work his
claim according to the statute, *supra*, has the right, before the
new claimant has perfected his location, "to re-enter," and, upon
doing the annual work required by law, he "would become re-
invested with" his "first estate." We think that the foregoing
authorities establish general and consistent principles.

The case of *Belcher Con. G. Min. Co.* v. *Deferrari*, 62 Cal.
160, cannot be deemed sound in its construction of the statute,
*supra*. The question is so important in its consequences that
we quote at length from the opinion of Mr. Justice McKinstry:
"The court found that in the year 1880 plaintiff expended, in
labor on the two claims, one hundred dollars; that in January,
1881, plaintiff resumed work upon the claims, and expended
in labor twenty-four dollars. Defendants entered and located
in August, 1881. As the plaintiff had resumed work upon
the claims 'after failure, and before location,' his rights were
not forfeited when defendants entered. (Rev. Stats. U. S.
§ 2324.) It is urged that the resumption of work was not such
as is required by the Act of Congress; that, if so, one may fail
to perform the work required by the act during any year, and
yet keep alive his right indefinitely by doing any work during

the January following. In other words, that, by such construction, while the act requires one hundred dollars' worth of work each year, a party may keep his claim good by doing one dollar's worth each year, provided he shall succeed in doing it before a relocation can be accomplished. It is not necessary to decide that an attempt to assert a continuous right may be based upon a pretense of work, so plainly a sham as that it will be disregarded. But here the work done was actual and valuable. The letter of the statute upholds the view, as to resumption of work, taken by the court below, and forfeitures and denouncements are not to be favored by basing them upon language which does not plainly and unmistakably provide for them." Of this case Mr. Morrison says: "Such a decision is only trifling with the law, and the rights of parties based on the law." (Mining Rights in Colorado [6th ed.], 61.) The proposition relating to forfeitures and denouncements cannot be questioned, but another rule appears to be considered more important by the courts. In *Erhardt* v. *Boaro*, 113 U. S. 535, Mr. Justice Field says: "In all legislation, whether of Congress or of the State or Territory, and by all mining regulations and rules, discovery and appropriation are recognized as the sources of title to mining claims, and development by working, as the condition of continued ownership until a patent is obtained." The learned judge in *O'Reilly* v. *Campbell*, 116 U. S. 418, says: "It is a rule among miners on the public lands, so often brought to our attention and so often declared that we may speak of it as part of our judicial knowledge, that discovery and appropriation are the source of title to mining claims, and that development by working is the condition of their continued possession. (*Jennison* v. *Kirk*, 98 U. S. 453, 457; *Jackson* v. *Roby*, 109 U. S. 440.) This was the rule before Congress by its legislation sanctioned it." In *Remmington* v. *Baudit*, 6 Mont. 138, Chief Justice Wade said: "The purpose of requiring one hundred dollars' worth of work or improvements on a mining claim each year is to so develop the mine as that a patent may issue for the claim. It is not the policy of the government to issue patents for the mineral lands until there has been a discovery, and sufficient work done upon the claim to demonstrate its value. . . . . . A liberal construction should

be given to the Mining Act of 1872, but it should not be so liberal as to authorize a claim to be held without representation, or a patent to be procured before any work has been done on the claim."

The result of the holding in *Mining Co.* v. *Deferrari, supra,* is to defeat the real objects of the statute, *supra,* which are the exploration and development of mining claims. Every person who continues in the possession of such property upon the public domain of the United States, without performing annually the labor that has been specified, violates the conditions of the grant from the government. The resumption of work by the original locator, whose rights are subject to forfeiture, without the expenditure, with reasonable diligence, during the year of the sum of one hundred dollars for labor or improvements upon the mine, is an evasion of the statute, *supra.* If we comprehend the language of Chief Justice Waite, *supra,* and Judge Hallett, *supra,* the courts will not legalize such overt acts of omission as are stated in *Mining Co.* v. *Deferrari, supra.* The question, which is embodied in the instructions of the court below, was submitted without any explanation of the words "resumed work," and would have a tendency to mislead the jury. They could reasonably infer that any labor showing the intention of Honaker to re-assert his claim to the property was a sufficient compliance with the law. When the testimony is compared, there can be no doubt that this was the effect.

It is shown by the evidence upon the part of Honaker that he did not represent the lode in the year 1887, and relocated it January 1, 1888; that he did not go upon the property from this date until the month of May, 1890, when the defendants were in possession; that about December 20, 1889, he made a contract with Richard Berriman to represent the same for the year 1889; that Berriman labored from December 22, 1889, until January 12, 1890, under the contract, and received from Honaker one hundred dollars; that logs, slabs, and lumber of the value of sixty-three dollars were conveyed to the premises, and never used; that these materials were for a shaft-house or any necessary purpose on the mine; that Berriman testified he drifted "perhaps five or six feet," and did not haul any dirt from the mine; that he cut in the woods "about half a dozen" logs,

and put them in the mine; that he carried there a rope, bucket, and shovels and picks, and removed them when he quit work; that there was no windlass upon the mine; and that he did not know how much he earned in January, 1890, but there was "over fifty dollars of it." The testimony for the defendants tended to prove that no work was done for Honaker upon the property in the years 1889 and 1890; that the logs, slabs, and lumber were hauled there, and not used; that tools, buckets, and wire rope were taken to the premises by Berriman, and carried away; that there were no timbers in the mine; and that the property was examined carefully to see what labor had been done upon it, and located by the defendants, April 25, 1890. It is clear that the respondent has not acted honestly and in good faith, and that, during the years 1887, 1888, 1889, and 1890, when the lode should have been developed by the expenditure of the sum of four hundred dollars for work or improvements, there is a conflict in the testimony upon the point as to whether labor of the value of one cent has been expended thereon. When, therefore, he availed himself of the statutory privilege of resuming work to preserve his estate from forfeiture, we hold that he should have prosecuted the same with reasonable diligence, until the requirement for the annual labor and ·improvements had been obeyed. The tools, rope, and windlass were taken from the premises about January 12, 1890, and the logs, slabs, and lumber have not been used in any manner, although nearly two thirds of the money which was paid by Honaker to Berriman have been therein invested. What is the fair presumption from this conduct? Can it be maintained that it is the intention of the statute, *supra,* that, under these circumstances, the respondent shall be adjudged to have "resumed work?" If it be insisted that the instruction by the clauses, "in good faith, honestly and in fact, resume proper work," was designed to lay down the law in accordance with these views, then the verdict is contrary thereto.

It is therefore adjudged that the judgment be reversed, and the case be remanded, with directions to grant the motion for a new trial.

*Reversed.*

HARWOOD, J., and DE WITT, J., concur.