HIRSCHLER ET AL., APPELLANTS, *v.* MCKENDRICKS, RESPONDENT.

[Submitted May 8, 1895. Decided May 20, 1895.]

MINES AND MINING—*Proof of annual representation.*—In an action to quiet title to a mining claim where plaintiffs sought to prove the performance of one hundred dollars worth of labor on the claim, as required by section 2324, United States Revised Statutes, before defendant's relocation, a finding of the jury under defendant's testimony that the value of such work was but seventy-five dollars, will not be disturbed on appeal where plaintiffs barely proved the performance of the required work, if at all, under the best view of their own testimony.

SAME—*Annual representation—Sharpening picks.*—When the expense of sharpening picks used in representing a mining claim is sought to be proved as an item toward making up the required one hundred dollars worth of labor or improvements, the exclusion of the evidence is proper where counsel refused to inform the court, though requested so to do, as to whether he wished to show that the picks had been sharpened on the mining premises or before they were taken there.

SAME—*Resumption of work to prevent forfeiture.*—Where work is resumed upon a mining claim to preserve the same from forfeiture for failure to represent, it should be prosecuted with reasonable diligence until the requirements for annual labor and improvements have been obeyed. (*Honaker* v. *Martin*, 11 Mont. 91, followed.)

SAME—*Resumption of work—Proof of reasonable diligence.*—The resumption of work by plaintiffs upon a mining claim, before a relocation, for the purpose of preventing a forfeiture for failure to represent, as permitted by section 2324, Revised Statutes of the United States, cannot be held to have been prosecuted with due diligence, where it appeared that fifteen days prior to relocation by defendant, plaintiffs had, without any apparent reason, and without having completed the requisite one hundred dollars worth of labor or improvements, ceased all work upon the claim; that after the last work had been done they posted a notice soliciting proposals for five hundred dollars worth of work, but it did not appear, however, whether the notice was posted before or after defendant's relocation.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION to quiet title to mining property. Plaintiffs' mo-

tion for a new trial was denied by BUCK, J.    Affirmed.

Statement of the case by the justice delivering the opinion.

This action was brought by plaintiffs to quiet their alleged title to certain mining premises.    They claim the premises under the location of the Rose Cleveland claim.    The defendant was asserting title to the ground under the location of the Clements claim.    The Rose Cleveland was located by plaintiffs' predecessors January 1, 1889.    The Clements was located by defendant January 30, 1891.    Plaintiffs did not represent the Rose Cleveland in 1889 or 1890.    Defendant claimed a forfeiture on the part of plaintiffs by reason of such nonrepresentation.    We use the word "representation" as the popular term employed by miners to indicate the annual accomplishment of $100 worth of labor or improvements upon a mining claim.    (Rev. St. U. S. § 2324.)

Plaintiffs defend against the forfeiture by allegation and attempted proof that, prior to the location by defendant, they (plaintiffs) had resumed work upon the claim after failure, and before relocation.    (Rev. St. U. S. § 2324.)

The case was tried upon the issue of whether the plaintiffs had in good faith, and with reasonable dilligence, resumed work upon the Rose Cleveland before the relocation of the ground by the defendant as the Clements.    The findings of the jury in this respect were generally and in detail against the plaintiffs.    Judgment was entered in favor of defendant, quieting his title in the premises as to the Clements lode.    Plaintiffs' motion for new trial was denied.    From that order and the judgment, they appeal.

*Alex. C. Botkin* and *Theodore Shed*, for Appellants.

*J. M. Clements*, for Respondent.

DE WITT, J.—As to the construction of the words "resuming work," as found in section 2324, Rev. St. U. S., we will not again review the decisions.    We are satisfied with the con-

clusion reached in *Honaker* v. *Martin*, 11 Mont. 91, as announced in the opinion by Mr. Chief Justice Blake. In that case, after reviewing the authorities, the court said : " When, therefore, he availed himself of the statutory privilege of resuming work to preserve his estate from forfeiture, we hold that he should have prosecuted the same with reasonable diligence, until the requirement for the annual labor and improvements had been obeyed."

In the case at bar forfeiture for nonrepresentation in 1890 is conceded. The question remains whether, when the relocation was made by defendant (January 30, 1891), plaintiffs had resumed work in good faith, and prosecuted the same with reasonable diligence to or towards the accomplishment of $100 worth of labor performed or improvements made.

Two contentions are made by plaintiffs : First, that they had actually accomplished $100 worth of labor or improvements before the relocation; second, that, if the $100 worth of labor or improvements was not completed, they were at least advancing towards such completion with due diligence when the relocation was made. We will take these propositions in their order.

1. Plaintiffs introduced testimony that two men, Langan and Walsh, for them, resumed work on the night of December 31, 1890, and worked until morning. Commencing again January 2d, these men performed six consecutive days of labor. This aggregated seven days for two men, or fourteen days of labor, which at $3.50 per day (the ordinary miner's wages), and with a little extra compensation for the nightwork on the 1st of January, footed up a total of $25 for each man, which was paid to them, and which was a reasonable compensation. A miner by the name of Huggins, employed by the other owner in the Rose Cleveland, it appeared, worked ten days in January before the relocation. This, at $3.50 a day, would equal $35. There was also evidence by plaintiffs tending to show that three men (McDonald, Baatz and Dulah) worked a day each in December, 1890, at $3 per day, which would be $9. At plaintiffs' estimate of this labor, they would

have $94 to their credit in labor performed and improvements made. It was also claimed by plaintiffs that some logs were cut for a cabin before the relocation. Testimony upon this question was quite indefinite, and the value of this work, if any, was exceedingly small. The cross-examination upon this point did not leave the proof at all satisfactory that there was any substantial value in this labor or improvement.

It is sufficient to state that plaintiffs were obliged to push the value of their labor and improvements to the very extreme to reach the $100 mark. They barely reached that mark, if at all, under the best view of their own testimony. On the other hand, the defendant called a number of experienced miners, who had examined the results of the labor alleged to have been performed by plaintiffs in resuming work. They testified as to the reasonable expense of making the excavations which they had examined, and as to which plaintiffs' witnesses had testified. They testified as to how long it would take to do such work. Their testimony cut down the value of plaintiffs' labor to a point from $14 to $36 less than plaintiffs estimated it. The jury found that $100 worth of labor or improvements had not been made before the relocation, and that the value was only $75. We think that under these circumstances, when the plaintiffs were straining every point in their testimony to reach an estimate of $100, and when it was doubtful that they had reached such figure, even in the best view of their own testimony, and when defendant's testimony reduced the value far below $100, the finding of the jury that the value was $75 should not be disturbed.

The plaintiffs offered testimony as to the expense of sharpening some picks, which it was claimed Huggins used in prosecuting the work upon the claim. This evidence was excluded by the court, and error therein is assigned. It may be that there are circumstances that would justify charging the expense of sharpening picks as part of the costs of representation. We are quite sure that there are other circumstances where such expense could not be allowed as part of the representation work. But in this case we do not think we need in-

quire into the competency of this testimony, for the reason
that it appears by the record that the court, for its own en-
lightenment, several times asked counsel to inform the court
whether he wished to show that the picks had been sharpened
on the mining premises which were being worked, or whether
they had been sharpened before they were ever taken to the
premises.   The record further shows that counsel refused to
enlighten the court upon this subject, whereupon the court ex-
cluded the evidence offered.   It seems that the court, by this
inquiry made of counsel, was endeavoring to ascertain whether
the sharpening of the picks was such an expense as, under all
the circumstances, should have been allowed.   If the sharpen-
ing of picks was a legitimate expense, we cannot understand
why counsel did not respond to the inquiry of the court, and
give the information requested.   As counsel chose to give no
explanation, and state no facts which would enable the court to
rule intelligently upon his offer of testimony, we think the
court was justified in excluding the evidence.

2.   We now come to the second contention of appellants.
They claim that, if they had not completed the $100 worth of
labor or improvements, they did show that they were prose-
cuting such labor with due diligence towards the completion of
said $100 worth of labor when the relocation was made by de-
fendant.   But the jury found, and, as we think, was sustained
by the evidence, that the plaintiff had ceased all work upon the
claim for 15 days before relocation.   It does not appear that
they were obliged to cease labor by the inclemency of the
weather, or the rigor of the season of the year, or for any
other reason.   They had been performing such labor up to the
middle of January, and no reason appears why they could not
have continued such labor for the last half of January, as well
as during the first half.   But the contention of plaintiffs is that
they were continuing labor in good faith and with due dili-
gence, because they took steps towards the letting of a con-
tract for the performance of $500 worth of work for the pur-
pose of obtaining a patent.   The plaintiffs offered to show that
when Huggins quit work, about the 14th of January, they

posted a notice soliciting proposals for $500 worth of work, with a view of obtaining a patent for the premises, and that certain parties negotiated with plaintiffs with a view of taking such contract, and went upon the ground for that purpose, but that, on account of the relocation of the claim, they refused to perfect the contract or proceed with the work. The testimony so offered was excluded. We can understand how the diligent attempt to secure the performance of $500 worth of work might, under proper circumstances, be due diligence in resuming and continuing labor upon the claim, but we do not think that the testimony offered in this case was evidence of such diligence. The most that was offered to be proved was that plaintiffs had posted up a notice soliciting proposals. The offer does not state even when they posted this notice, whether before or after the relocation. The offer of testimony does not show that the negotiations proposed to be proved were after the relocation, and the rather lame statement was made that parties refused to take said $500 contract because the claim had been relocated. It is not quite conceivable why a contractor should object to doing the work because the relocation had been made. If he received his pay for his contract, it would not be material to him whether the plaintiff's title to the ground was good or bad. We do not think that the offer of this testimony showed any substantial effort to diligently complete the representation of the claim. Plaintiffs allowed work to cease altogether for 15 days, during which time they could have easily placed the question of forfeiture beyond dispute; and they do not make it clear whether their efforts to place the $500 contract were before or after relocation.

The judgment of the district court and the order denying a new trial are affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.