Argued September 23, modified October 18, costs retaxed November 22, 1927.

# THOMAS J. WINTERS ET AL. *v.* JOHN BURKLAND ET AL.

### (260 Pac. 231.)

**Mines and Minerals—Act, Invalidating Location of Mining Claim Without Complying With Statute, Held not Repealed by Act Prohibiting Recording of Notice Without Attached Affidavit of Performance of Work (Or. L., §§ 7619, 7620, 7627).**

1. Amendatory Act of 1901 (Laws 1901, pp. 140, 141, §§ 2, 3), now Sections 7619, 7620, Or. L., by requiring that affidavit of performance of discovery or location work be attached before recording notice of location of quartz mining claim, *held* not intended to impose new penalty and impliedly repeal former law, now Section 7627, providing that failure to comply with provisions of act shall render location null and void; legal effect of amendment being to continue in force all unamended sections of original acts which are not repugnant to amended sections.

**Mines and Minerals—Locations of Mining Claims, Without Attaching Affidavit of Performance of Work to Recorded Notices, were Void (Or. L., §§ 7619, 7620, 7627).**

2. Under Section 7627, Or. L., attempted locations of quartz mining claims, without attaching affidavit of performance of work required by Section 7620, to recorded location notices, as required by Section 7619, were null and void.

Mines and Minerals—Location of Adjoining Mining Claims, Within Year After Year in Which Owners in Common Performed Sufficient Work for Each on One Claim, was Void (30 U. S. C. A., § 28).

3. Under Section 2324, Revised Statutes of the United States, as amended (30 U. S. C. A., § 28), attempted location of adjoining mining claims, held in common, within year after end of year in which owners performed sufficient work on one claim to exceed required value for each, was void.

Mines and Minerals—Resumption of Work and Full Performance for Year Barred Relocation of Mining Claims for Nonperformance During Any Preceding Year (30 U. S. C. A., § 28)..

4. Under Section 2324, Revised Statutes of the United States, as amended (30 U. S. C. A., § 28), resumption of work on mining claims by original locators, followed by full performance of assessment work for year ending before relocation of claims by other parties, was sufficient to prevent relocation because of any antecedent failure of original locators to perform such work during any year preceding such resumption.

---

Mines and Minerals, 40 **C. J.**, p. 809, n. 7, 8, p. 810, n. 19, p. 832, n. 87, 88, p. 835, n. 36, p. 838, n. 17, p. 839, n. 22, p. 846, n. 54. Statutes, 36 **Cyc.**, p. 1072, n. 28, 29, p. 1076, n. 39.

From Linn: L. H. McMAHAN, Judge.

Department 2.

MODIFIED.   COSTS RETAXED.

For appellants there was a brief and oral argument by *Mr. Wm. S. Risley.*

For respondents there was a brief and oral argument by *Mr. H. H. Hewitt.*

RAND, C. J.—This is a suit to quiet title to the possessory right to certain unpatented quartz mining claims. The principal questions involved upon this appeal are, first, whether in the location of a quartz claim which is otherwise regular and valid, the failure to include in the recorded location notice an affidavit

---

4.   See 18 **R. C. L.** 1137.

reciting that the location work required by Section 7619, Or. L., has been performed upon the claim is fatal to the validity of the location; second, whether expenditures of money or labor upon one of a group of contiguous, unpatented, quartz mining claims owned in common will inure to the benefit of all of the claims in the group where the aggregate amount of such expenditure upon the one claim is equal in value to that which would be required on all of the claims if they were separate or independent, and third, whether the work done upon one claim in the instant case tended to develop and was for the benefit of all of the claims in the group.

Under Section 7619, Or. L., the locator of a quartz mining claim must, within sixty days after posting his location notice upon the claim, file for record a copy of the notice so posted and have attached thereto an affidavit showing that the discovery or location work required by Section 7620, Or. L., has been performed. This section also expressly provides that no location notice shall be entitled to record or be recorded until said work has been done and the affidavit in proof thereof is attached to the notice to be recorded. Under Section 7620, Or. L., the locator of a quartz mining claim is required before the expiration of sixty days from the date of the posting of the notice of discovery upon his claim and before recording his notice of location, to perform certain specified location or discovery work upon the claim, and to make and attach to the copy of the notice of location to be recorded, an affidavit showing that such work has been performed, which affidavit must also be recorded. Section 7627, Or. L., provides: "any and all locations or attempted locations of quartz mining claims within this state subsequent to the thirty-first

day of December, 1898, that shall not comply and be in accordance with the provisions of this act shall be null and void.''

1. The original act, in which Section 7627 as it now reads was embodied, was enacted by the legislature of this state in 1898, and at that time was Section 10 of the original act. At the 1901 session of the legislature what are now Sections 7619 and 7620, Or. L., were amended and made to contain the provisions above stated. As originally enacted the discovery or location work now required by Section 7620 was required to be performed within ninety days after the posting of the notice of discovery on the claim, but there was no requirement that an affidavit in proof of such work should be attached to the recorded notice as is now required, and there was no provision that the location notice should not be recorded unless such an affidavit was attached to the recorded notice as is now provided by Section 7619. The statute as originally enacted has been amended. And because of such amendment which now prohibits the recording of a notice of location which does not contain such an affidavit, plaintiff contends that this last-mentioned prohibition against the recording of the notice was intended by the legislature to be a new penalty and to repeal, by implication, Section 7627, which provided that a failure to comply with this and other provisions of the act should render any attempted location of a quartz mining claim null and void. In our opinion this contention is entirely unfounded. The legal effect of the amendment of these two sections was to continue in force all of the sections of the original act which were not amended. There is no repugnancy between the sections as amended and the

sections not amended, and therefore no basis for plaintiffs' contention.

This was the effect of the ruling in *Wright* v. *Lyons*, 45 Or. 167 (77 Pac. 81). One of the questions for decision there was the validity of an attempted location of a quartz claim where the locator had failed to have attached to his recorded notice of location an affidavit that the discovery work had been performed, and it was there held that this omission rendered the attempted location void. At the time the location notice involved in that case was recorded, the amendment to which we have been referring was in full force and effect, and therefore that decision is a precedent which must be followed in this case.

2. Upon the argument plaintiff admitted, and the record shows, that no affidavit in proof of the performance of any discovery or location work was attached to the recorded location notices of four of the six quartz claims described in the complaint, and hence those four attempted locations were null and void. This limits our discussion to the two remaining quartz mining claims described in the complaint, namely, the "Golden West," which was located on April 2, 1914, and the "Golden West Extension," which was located on June 23, 1918. These claims are adjoining claims and all of the work and improvements have been made upon the "Golden West." This work consisted of the erection of a mill and the running of tunnels and other mining improvements necessary for the development of both, and the evidence shows that the work upon the Golden West tended to develop the Golden West Extension.

3, 4. By Section 2324 of the Revised Statutes, which is a part of the act of May 10, 1872, "where such claims are held in common, such expenditure

may be made upon any one claim." Under this statute where adjoining claims are held in common, the expenditures required in the performance of the annual work may be made or the labor be performed upon any one of them. Upon the argument, defendants admitted that sufficient work had been performed by plaintiffs upon the Golden West claim for the year ending July 1, 1922, to exceed in value more than $100 for each of the six claims described in the complaint. Under that admission, neither the Golden West nor the Golden West Extension could become subject to relocation until July 1, 1923. Defendants attempted to relocate all of said claims on September 4, 1922, and based their rights wholly upon relocations made on that day. Since the Golden West and the Golden West Extension were not subject to location on September 4, 1922, their attempted location by the defendants was void and of no force or effect whatever. Defendants, however, contend that no assessment work was done upon these two claims during some of the years after their location by plaintiffs and before the year ending July 1, 1922, and that in the aggregate for all of said years sufficient work was not performed upon all of these claims to equal $100 per year for each of said claims.

Section 2324 of the Revised Statutes provides: "Upon a failure to comply with these conditions, the claim or mine upon which such failure occurred shall be open to relocation in the same manner as if no location of the same had ever been made, provided that the original locators, their heirs, assigns, or legal representative, have not resumed work upon the claim after failure and before such location." The resumption of work by the original locators, followed as it was by the full performance of the assess-

ment work for the year ending July 1, 1922, and before defendants attempted to relocate the claims, was sufficient to prevent the claims from becoming subject to relocation because of any antecedent failure by plaintiffs to perform the assessment work during any year preceding the time when plaintiffs resumed work upon the claims in question.

The lower court entered a decree quieting title in plaintiffs for the six claims mentioned in the complaint. It follows from what is said here that that decree must be modified and a decree will be entered here quieting title in plaintiffs to the Golden West and the Golden West Extension claims, and decreeing that plaintiffs are not the owners or entitled to the possession of the four other claims mentioned in the complaint, namely, the "Vandalia," the "Vandalia Extension," the "Ida," and the "Golden Ridge Extension," and that as to the four claims last mentioned plaintiffs have no right, title or interest in them, or any part thereof.

For the reasons stated the decree will be so modified.                    MODIFIED.   COSTS RETAXED.

BELT, McBRIDE and ROSSMAN, JJ., concur.