**RENZI v AETNA LIFE INSURANCE CO**

Ohio Appeals, 9th Dist, Summit Co

No 2547. Decided March 28, 1935

Irwin D. Allen, Akron, and A. P. Feldman, Akron, for plaintiff in error.

Slabaugh, Seiberling, Huber & Guinther, Akron, for defendant in error.

## OPINION

By STEVENS, J.

The term "month" as used in this policy means calendar months.

"1. * * * the word 'months' will be construed to mean calendar months, whether of twenty-eight, twenty-nine, thirty or thirty-one days."

Oehler v Walsh et, 7 O.C.C. (N.S.) 572.

And, see McMurchey et v Robinson & Kain, 10 Ohio 496.

Under this provision of the policy, plaintiff would not be entitled to recover.

It is further claimed in the petition, however, that the employee Renzi had been an employee of the B. F. Goodrich Co. for more than 21 years, "said employment terminating on or about Oct. 15, 1930," and that "on July 1, 1933, the said James Renzi resumed his employment with the B. F. Goodrich Co. and made application in writing for insurance," and it is argued that by reason of said former employment, he was an employee who had completed more than three months of continuous service, and on July 1, 1933, was immediately eligible for insurance, and hence that a judgment on the pleadings was improper herein.

It is the rule that "A judgment upon the pleadings cannot be rendered when issue is

joined upon a single material proposition."

Rhoades v McDowell, Rec., 24 Oh Ap 94 (5 Abs 167).

Analysis of the petition shows decedent's former employment "terminating on or about Oct. 15, 1930," and that "on July 1, 1933, the said James Renzi resumed his employment."

The verb "terminate" is defined in Webster's New International Dictionary as:

"* * * 2. To put an end to; to make to cease; to end * * *. 3. Hence, * * * to bring to completion; to complete * * *."

The verb "resume" is defined by the same lexicographer as:

"* * * 2. To enter upon or begin again; to recommence * * *."

Baldwin's Century Edition of Bouvier's Law Dictionary defines "Resume Work" as "To begin work anew with a bona fide intention of prosecuting it. 104 Cal. 227."

Application of these definitions makes it at once apparent that when decedent's employment terminated, it was brought to an end, and that when he resumed employment nearly three years later, he began work anew.

That being true, his position upon resumption of employment was that of a new employee, and he would have had to complete three months of continuous service to become eligible for insurance.

There is, however, one other allegation of the petition which we have studied with care to ascertain whether or not it, and its denial in the answer, presented an issuable material proposition, and that is the allegation that "the said James Renzi being laid off or said employment being temporarily terminated until July 1, 1933"

The petition shows a cessation of employment of the deceased for two years, eight and a half months, and the duration of that inactivity is sufficiently long to preclude the conclusion that it was a temporary termination.

That allegation also is at variance with the other allegations of the petition pertaining to termination of and resumption of employment, and we do not see how it can be treated otherwise than as merely the statement of the pleader's conclusion.

We find no single material proposition upon which issue was joined; the allegations of the petition, supplemented by the contents of the reply, construed in the light most favorable to plaintiff's contentions, in our opinion state no cause of action against defendant.

The judgment of the trial court will be affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.