657 P.2d 897

JAMES STEWART COMPANY, an Arizona corporation; M. Seth Horne; W.W. Grace, Plaintiffs/Appellees,

v.

Robert E. CATTANY and June L. Cattany, husband and wife, Defendants/Appellants.

No. 2 CA–CIV 4371.

Court of Appeals of Arizona, Division 2.

Oct. 1, 1982.

Rehearing Denied Nov. 3, 1982.

Review Denied Dec. 14, 1982.

Greenwood, Ryan, Herbolich & Atonna, Ltd., by Arthur C. Atonna and Wallace R. Hoggatt, Douglas, for plaintiffs/appellees.

Robert E. Cattany, Tucson, for defendants/appellants.

## OPINION

HOWARD, Chief Judge.

This is an appeal from a judgment in favor of appellees in a forcible entry and detainer suit brought to determine the possession of eight unpatented federal lode mining claims. The eight claims, known as the Hornes # 110–117, were located by M.S. Horne on September 21, 1967, and later leased to W.W. Grace on October 1, 1979.

Apparently no assessment work was done for the assessment year ending August 31, 1979. Appellees, however, commenced assessment work on October 6, 1979, and continued the work on October 10 for the 1979–1980 assessment year. The work was performed by John Escapule under Grace's supervision. At that time, Grace had worked with mining claims for 48 years. Escapule was paid $200 for his services.

It is unclear whether any further work was done on the claims for a period of four to six weeks or until March 10 or 11, 1980, because the testimony and affidavits are conflicting. Nonetheless, for this subsequent work Escapule was paid $49. The uncontradicted testimony and affidavits of Grace valued the completed work at not less than $800 which would meet the requirements of 30 U.S.C. § 28 as discussed below. Furthermore, Grace testified that the work done on October 6, 1979, was, by itself, $800 worth of work.

On October 18, 1979, after deciding that appellees had not completed the resumption of their assessment work in a diligent manner, appellant Robert Cattany entered and relocated the property. Location notices

were recorded by Cattany on January 16, 1980. His plat map and monuments delineating his claims were initially incorrect and he amended his map and remonumented his claims on March 17, 1980, and in August 1981, respectively. During this period an agent of the appellees requested twice that Cattany cease all mining and vacate the property. Cattany disregarded said requests and appellants filed suit on August 19, 1981.

The case was heard without a jury on September 15, 1981, and the judge required that both parties submit memoranda. It is appellants' contention that the trial court should be reversed for its finding that appellees were, and had at all times been, entitled to possession of the claims.

The issue in this case is whether appellees complied with the assessment work requirement of 30 U.S.C. § 28, thereby precluding forfeiture of their unpatented mining claims. Appellant raised other arguments concerning his right to possession of the claims, but because of our resolution of this issue, we need not discuss the other arguments.

■ The locator of a claim is required to complete $100 worth of work per year on each claim under 30 U.S.C. § 28. The statute provides:

> "... [a]nd upon a failure to comply with these conditions, the claim or mine upon which such failure occurred shall be open to relocation in the same manner as if no location of the same had even been made, provided that the original locators, their heirs, assigns, or legal representatives, have not resumed work upon the claim after failure and before such relocation...." (Emphasis added)[1]

In order for the resumption of the work to have the effect of precluding relocation by a third person, the work must be resumed in good faith, be prosecuted with reasonable

---

[1]. For cases holding that the resumption of the assessment work by the original locator prior to a relocation by a third person precludes a forfeiture of the original locator's rights, see *Edwards v. Anaconda Co.,* 115 Ariz. 313, 565

P.2d 190 (App.1977); *Hartman Gold Mining Co. v. Warning,* 40 Ariz. 267, 11 P.2d 854 (1932); *Whitwell v. Goodsell,* 37 Ariz. 451, 295 P. 318 (1931); *Cadle v. Helfrich,* 36 Ariz. 390, 286 P. 186 (1930).

diligence and with a bona fide intention of completing it. *Strattan v. Raine,* 45 Nev. 10, 197 Pac. 694 (1921); *Winters v. Burkland,* 123 Or. 137, 260 P. 231 (1927); *Crane v. French,* 39 Cal.App.2d 642, 104 P.2d 53 (1940). In the absence of evidence to the contrary, it will be presumed that the annual work was resumed in good faith. *Temescal Oil Mining & Development Co. v. Salcido,* 137 Cal. 211, 69 P. 1010 (1902).[2]

If such work is resumed, the claim is not subject to relocation while it continues and a relocation made while work is being performed is invalid even if the assessment work is thereafter abandoned before the requisite amount is completed. *Jupiter Mining Co. v. Bodie Consolidated Mining Co.,* 11 F. 666 (9th Cir.1881); *Jordan v. Duke,* 6 Ariz. 55, 53 P. 197 (1898). Appellant contends the evidence does not show that appellees diligently prosecuted the resumption of the assessment work nor that the value of the work done was at least the required $800. We do not agree.

Grace testified that on October 6, 1979, $800 worth of assessment work was done on the claims. This consisted of the digging of a ditch by a backhoe, 300 feet long averaging 2½ to 3 feet deep. In some places it was 5 feet deep. The test is the value of the work done and not the amount paid to do the work. *Schlegel v. Hough,* 182 Or. 441, 186 P.2d 516 (1947). This testimony alone, provided an adequate basis for the trial court's conclusion. There was no issue about proceeding diligently since the required work was done in one day. When appellant entered the claims on October 8, 1979, he was a trespasser and his locations were invalid. *Jupiter Mining Co. v. Bodie Consolidated Mining Co.,* supra.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.

**2.** See also *McCormick v. Baldwin,* 104 Cal. 227, 37 P. 903 (1894); *Hirschler v. McKendricks,* 16 Mont. 211, 40 P. 290 (1895); *Honaker v. Martin,* 11 Mont. 91, 27 P. 397 (1891).