## WHITE et al. v. LEE et al.

### No. 12,814; April 18, 1889.

#### 21 Pac. 363.

**Mining — Placer Claims — Location and Boundaries.**—Revised Statutes of the United States, section 2324, providing that upon entering a mining claim "the location must be distinctly marked on the ground, so that its boundaries can be readily traced," requires the boundaries of a placer claim to be thus marked, though the claim is coextensive with a legal subdivision of land surveyed under the government system, and though sections 2329 and 2331 provide that the entry of land so surveyed shall, as to its exterior limits, conform to legal subdivisions, and that, where placer claims are upon surveyed lands, and conform to the legal subdivisions, no further survey or plat shall be required.

APPEAL from Superior Court, Placer County; B. F. Myers, Judge.

Action by Lincoln White and William Singer, Jr., against George Lee and Jesse S. Wall, to determine the right to a gold-bearing placer mine known as the "Scott Placer Mine." The mine was located on, and was coextensive with, the southwest quarter of the northwest quarter, section 22, township 11 north, range 7 east of the Mount Diablo meridian, in

Placer county.   Judgment for plaintiffs, and defendants appeal.

William Singer, Jr., and Hale & Craig for appellants; C. A. & F. P. Tuttle for respondents.

HAYNE, C.,—Action to determine the right to a mining claim. Judgment for defendants. Plaintiffs appeal. In 1886 the grantors of the plaintiffs located the land, marked off the boundaries, and did all the other acts required of them by law, and therefore they acquired a valid claim, if there was no prior right in the grantors of the defendants. The latter posted and recorded notice of location, but failed to mark off the boundaries. The statute requires that ''the location must be distinctly marked on the ground, so that its boundaries can be readily traced'': Rev. Stats., sec. 2324. And it is well settled that a failure to comply with this requirement invalidates the claim. It is contended for the respondents, however, that the requirement does not apply where the public surveys have been extended over the land, and the claim is for the whole of a legal subdivision; and this is the only question to be determined. The learned counsel for the respondents expressly says: ''The one point to be passed upon by the court in this case is whether in locating a placer mining claim by legal subdivisions on surveyed ground it is necessary to mark the lines of the location.'' The position is that this exception to the general requirement follows from other provisions of the Revised Statutes. But we do not think that this position can be maintained. Section 2329 provides, among other things, that ''where the lands have been previously surveyed by the United States the entry in its exterior limits shall conform to the legal subdivision of the public lands.'' This, however, simply provides where the claimant shall run the lines of his claim. It does not at all dispense with the requirement as to how the lines shall be marked or evidenced. Section 2331 provides that ''where placer claims are upon surveyed lands, and conform to legal subdivisions, no further survey or plat shall be required,'' etc. This provision does not refer to the marking by the claimant of the boundaries of his claim upon the ground, but to the plat and survey which are to be filed upon the application for the

patent. Nor do we see any provision which dispenses with the general requirement that the boundaries shall be marked.

The construction contended for does not seem to us to be in harmony with the general purpose of the act. The purpose of the requirement that the claimant shall mark the boundaries of his claim is to inform other miners as to what portion of the ground is already occupied. The men for whose information the boundaries are required to be marked wander over the mountains with a very small outfit. They do not take surveyors with them to ascertain where the section lines run, and ordinarily it would do them no good to be informed that a quarter section of a particular number had been taken up. For this reason it is required that the boundaries shall be "distinctly marked upon the ground." The construction contended for by the respondents would, in our opinion, defeat the purpose of the requirement. We therefore advise that the judgment and order appealed from be reversed, and the cause remanded for a new trial.

We concur: Belcher, C. C.; Foote, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and the cause remanded for a new trial.