[L. A. No. 613.   Department One.—July 18, 1900.]

W. S. HOOK, Manager, Respondent, v. LOS ANGELES RAILWAY COMPANY, Appellant.

Street Railway—Common Use of Street by Two Lines—Construction of Code—Original Expense—Reasonable Value.—Section 499 of the Civil Code, which provides for the joint use of part of the same street, not exceeding five blocks, by two lines of street railway operated under different managements, "each paying an equal portion for the construction of the tracks and appurtenances used by them jointly," as applied prospectively to a case where no track has been constructed, leaves it to the lines to agree as to the construction thereof, the expense of which is to be equally borne; but the section also extends to

a case where one line has already constructed and used its track, and another line seeks to use it under the statute, in which case the latter is not required to pay one-half the original expense of its construction, but only one-half of its reasonable value at the time of permission to use it.

ID.—PRESENT COST OF MATERIALS.—Where the court allowed and required the payment by the new line of one-half of what would have been the present cost of the material used in the track and appurtenances at the time of its decree, in the absence of any other evidence of the reasonable value of the same at that time, the allowance of such cost is sufficient proof that that was its reasonable value.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Bicknell, Gibson & Trask, for Appellant.

Edwin H. Lamme, for Respondent.

HARRISON, J.—In March, 1897, the defendant, under and by virtue of a franchise granted to it by the city of Los Angeles, constructed and has since maintained and operated by electricity a double track street railroad along several streets in said city, including a portion of Seventh street.   In August of that year the plaintiff, to whom the city had previously granted a franchise to construct and operate a street railroad on certain streets therein, including four blocks from Lake to Rampart streets upon the portion of Seventh street occupied by the defendant, applied to the defendant for permission to intersect the tracks and appurtenances constructed by it on said portion of Seventh street, and to operate thereon cars along the tracks of the defendant and tendered to the defendant the sum of eighteen hundred and sixty-seven dollars and fifty cents, as one-half of the cost of constructing the same along said portion of the street.   The defendant refused to grant the request, and the plaintiff thereupon brought the present action to obtain an order authorizing him to make such intersection and to use the tracks and appurtenances jointly with the defendant, and that the court should determine the amount of money to be paid therefor by the defendant.   The court found that the construc-

tion of that portion of the defendant's road which the plaintiff seeks the right to enter upon and use cost the defendant five thousand nine hundred and sixty-eight dollars and ninety-eight cents; that the rails used in said construction were purchased by the defendant in the fall of 1895, and were not purchased especially to be used in the construction of this road, but were carried and held by it as a part of its stock of supplies to be used in connection with the street railroads belonging to it; that the material used by it in said construction would have cost if purchased at the time of the construction, to wit, in March,. 1897, four thousand eight hundred and seventy dollars and eight cents. The only items upon which there was any variance between what they cost to the defendant when purchased by it, and what they would have cost if purchased by it at the time of the construction, were the rails, in which there was a difference in cost of nine hundred and twenty dollars, and the ties, in which there was a difference in cost of seventy-nine dollars.

Upon these facts the court held that upon payment to the defendant of the sum of two thousand four hundred and thirty-five dollars and four cents the plaintiff had the right to intersect the defendant's road and connect his own road therewith and use the same jointly with the defendant. Plaintiff thereupon paid this amount into court for the use of the defendant, and a decree was entered in his favor accordingly. From this judgment the defendant has appealed, bringing the cause here upon the judgment-roll alone.

Section 499 of the Civil Code is as follows: "Two lines of street railway operated under different managements may be permitted to use the same street, each paying an equal portion for the construction of the tracks and appurtenances used by said railways jointly; but in no case must two lines of street railway operated under different managements use the same street or tracks for a distance of more than five blocks consecutively."

The sole question involved in this appeal is the construction to be given to this section. Its language is not free from ambiguity, but we are of the opinion that the superior court correctly construed it in its application to the present case. The

section is in its terms prospective for each of the two lines of street railway, and, literally construed, applies to a case where permission is given to them to use a street in which no track has yet been constructed. In such a case the construction of the track and appurtenances would be a matter of contract between the two lines, under which the expense of the construction would be borne in accordance with the provisions of the section. A proper interpretation of the section, however, extends its provisions to a case in which a franchise is granted to operate a street railway over a portion of a street on which another railway has already been constructed and is in operation. The section itself does not use the term "cost" or "value" in defining the rights and obligations of the two, but states that each shall pay an equal portion "for the construction," without specifying of what the "portion" consists. This ellipsis may be reasonably supplied by holding that the legislature intended that in the absence of some unusual or controlling circumstance each should contribute one-half of what would be the reasonable expense "for the construction," if at the time the right to use the same is sought both lines were for the first time preparing to make a joint use of the street, and to construct tracks and appurtenances thereon. It would be manifestly unjust to require payment of one-half of the money which may have been paid for the construction of tracks and appurtenances which have become greatly dilapidated, or which may have been constructed at a time when materials were much more expensive. The owner of the road that had been thus constructed would receive the full compensation intended by the statute if he should be paid one-half of the value of the track and appurtenances at the time the other is permitted to make use of them.

The court allowed to the defendant herein one-half of what would have been the cost of the material at that time, and, in the absence of any other evidence thereon, this was sufficient evidence that that was its reasonable value.

The judgment is affirmed.

Van Dyke, J., and Garoutte, J., concurred.