[L. A. No. 1078.    Department One.—August 9, 1902.]

TEMESCAL OIL MINING AND DEVELOPMENT COMPANY, Appellant, v. JOSE JUAN SALCIDO et al., Respondents.

Mining Claims—Oil Land—Location—Marking of Boundaries.—A location of a quarter-section of oil land, which was surveyed by a competent surveyor employed by the locator, who found the northwest corner of the quarter-section as it had been located and monumented with a pile of rocks by the government surveyor, and who ran the lines of the quarter-section and set stakes at each corner, substantially marked the location distinctly on the ground so that its boundaries could be readily traced.

Id.—Loss of Monuments.—Where there is no dispute as to the original staking of the ground by the surveyor, the fact that some of the stakes were found rotted away and gone eight years later, raises no presumption against the validity of the location.

Id.—Failure to Do Annual Work—Resumption of Work.—The failure to do the annual work upon the claim for several years cannot affect the validity of the claim, where the necessary work was resumed after such failure and before the relocation of the claim and the necessary annual work done thereafter.

Id.—Presumption of Good Faith.—In the absence of evidence to the contrary, it will be presumed that the annual work was resumed in good faith, so as to satisfy the provisions of section 2336 of the Revised Statutes of the United States. The previous failure does not tend to show that the subsequent annual work was not done in good faith, and cannot affect the rights of the claimants who have thus resumed work as against subsequent locators.

APPEAL from a judgment of the Superior Court of Ventura County and from an order denying a new trial. W. S. Day, Judge presiding.

The facts are stated in the opinion.

W. A. Harris, Barnes & Selby, and Edward M. Selby, for Appellant.

R. F. Del Valle, H. L. Poplin, Joseph L. Murphey, and Richards & Carrier, for Respondents.

GRAY, C.—This action is brought to quiet title to a certain tract of land in Ventura County consisting of the north half of the northwest quarter and the southeast quarter of the

northwest quarter of section 12, township 4 north, range 18 west, San Bernardino meridian. Both parties claim the land under oil-mining locations.

The case was tried with a jury, and resulted in a verdict and judgment for defendants. Plaintiff appeals from the judgment and from an order denying its motion for a new trial.

Defendants' claim embraces the whole of the northwest quarter of said section 12, and was located first in 1891, and again in 1896. Plaintiff's claim was not properly located until 1900, and at the time of such location there is evidence showing that defendants had previously, in January, done the assessment-work required by law for that year.

1. Appellant contends first that defendants' locations were not so marked upon the ground that they could be readily traced. The evidence shows that the quarter-section located was surveyed out carefully by a competent surveyor employed by the locator; that the northwest corner of section 12, being the northwest corner of the quarter-section constituting the location, was found by said surveyor as it had been located and monumented with a pile of rocks by the government surveyor; that the lines of the quarter-section were run, and stakes, two or three inches in diameter and standing a foot above the ground, were set at each corner. These monuments were placed in 1891, and some of them were found nine years later by the engineer who placed them; others were rotted away and gone. We think this evidence shows a substantial compliance with the provisions of the United States statutes requiring that "the location must be distinctly marked on the ground, so that its boundaries can be readily traced." (U. S. Rev. Stats., sec. 2324.) We are influenced somewhat in our consideration of the point by the fact that the notice of location which was posted and recorded described the claim by its government subdivision, the land having already been surveyed by the government, and that a government monument was still in place at one corner of the claim at the time of the location. There is nothing in *White* v. *Lee,* 78 Cal. 593,[1] inconsistent with this conclusion, for in that case no attempt of any kind had been made to monument the claim, but the claimant relied solely on the government survey as sufficient to mark the boundaries of his claim.

---

[1] 12 Am. St. Rep. 115.

2. There was no error in refusing the instruction offered and based on the theory that the evidence conflicted on the question of whether there had ever been any monuments constructed on the boundaries of defendants' claim.  The negative evidence of witnesses, that they did not see the monuments when they looked for them some years after they were placed, does not raise a substantial conflict with the testimony of the parties who placed the monuments.  The witnesses who passed over the ground at times nearer the date of the placing of the stakes say that they were not looking for them. The evidence that the stakes were placed there in 1891 is not disputed, and as against that evidence testimony to the effect that the stakes could not be found in 1899 raises no presumption.

Neither is there any evidence that the claim of defendants was ever abandoned after the first location in 1891.  The attempted relocation in 1896 was invalid, and did not amount to an abandonment of the previous location, and, so far as plaintiff is concerned, that location of 1896 is entirely immaterial, as its claim was not located until 1900.  The work which was done by defendants in 1898, 1899, and 1900 will be attributed to the location of 1891, the only previous location which was valid.

3. There was no error in the instructions of the court calling the attention of the jury especially to the work claimed to have been done by defendants in 1899 and 1900, and, in substance, saying that whether they had failed in any previous year to work the claim to the value of one hundred dollars was of no great importance, "because plaintiff makes no claim to the premises at any time prior to 1899."  This instruction was proper for the reason stated in it.  The evidence showed without substantial conflict that in January, 1899, the defendants caused work to be done for the benefit of the claim of greater value than one hundred dollars, and also that in the following year (1900), and before plaintiff's claim was monumented, the preponderance of the evidence shows that another hundred dollars' worth of work was done by defendants for the benefit of their claim.

In the absence of any evidence to the contrary (and there seems to be none), it will be presumed that this work was all done with the honest purpose of renewing work "after failure

and before location," so as to satisfy the provisions of section 2324 of the Revised Statutes of the United States. (See *Belcher etc. Mining Co.* v. *Deferrari,* 62 Cal. 160.) We cannot see how the failure to do the required work in any one of the previous years would tend to show that the work .of 1899 and 1900 was not done in good faith. Having done the work to the value of the hundred dollars required by statute for the year 1899, defendants must be treated as having "resumed work upon the claim," within the meaning of said section; and their previous conduct in the matter of work could not affect their rights as against subsequent locators.

There are other objections urged to the instructions, but on examination we find them without merit and not of sufficient importance to require special notice.

We advise that the judgment and order be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

               Garoutte, J., Van Dyke, J., Harrison, J.