[Sac. No. 964. In Bank.—December 10, 1903.]

JOHN F. CALLAHAN, Respondent, v. JOHN P. JAMES et al., Appellants.

MINING CLAIMS—EFFECT OF TOWNSITE ENTRY AND PATENT.—A townsite entry and patent does not carry title to any mine of gold, silver, cinnabar or copper known to be valuable for mining purposes at the date of the entry, or to any valid mining claim or possession then held under existing laws. In respect to a valid mining claim

---

[1] 63 Am. Dec. 621.          [2] 81 Am. Dec. 226.

or possession, it is immaterial whether the claim was then known
to contain mineral of sufficient value to justify exploration or not.

ID.—ASSESSMENT WORK—FORFEITURE—BURDEN OF PROOF.—When there
has been a valid location of a mining claim, and possession has been
maintained thereunder, the burden of proving the facts constituting
a forfeiture of the title or right of possession by failure to do the
annual assessment work required is upon the party asserting it.

ID.—ACTION TO QUIET TITLE—FAILURE TO FIND UPON DEFENSE OF FOR-
FEITURE—EVIDENCE IN STATEMENT.—In an action by the owner of
a mining claim to quiet his title thereto against defendants
claiming under a townsite entry and patent, where the evidence
in the statement is sufficient to justify a finding that the annual
work was done by the mining claimants, and there is no evidence
to sustain the defense of forfeiture, the failure to find upon such
defense will not justify a reversal.

ID.—EVIDENCE—IDENTIFICATION OF CLAIM—CONTINUANCE OF VEIN IN
ADJOINING CLAIM.—Evidence was admissible to show that the
same vein ran through plaintiff's mining claim and a mine belong-
ing to other claimants, which was shown to adjoin plaintiff's mine,
as tending to identify the plaintiff's mining claim and its location
on the ground.

APPEAL from a judgment of the Superior Court of Tu-
olumne County and from an order denying a new trial. G. W.
Nicol, Judge.

The facts are stated in the opinion of the court.

F. W. Street, for Appellants.

J. B. Curtin, for Respondent.

SHAW, J.—This is an action by the plaintiff for a decree
determining the title to a certain mining claim situated in the
town of Groveland, and known as the Rhode Island Mining
Claim. Judgment in the court below was given for the plain-
tiff; the defendants' motion for a new trial was denied, and
from the judgment and order the defendants appeal.

The plaintiff claims title to the mining claim under a min-
ing location originally made in the year 1854, by one Reid,
and relocated by Reid and one Austin January 1, 1876. The
plaintiff obtained a conveyance of the mine from Reid and the
successor of Austin in 1896. The defendant James deraigns
his title from the patent issued for the townsite of Grove-

land under the federal laws (U. S. Rev. Stats., secs. 2387, et
seq.), and a deed from the patentee of the townsite to Laurence
Murray, dated September 5, 1879, purporting to convey to
Murray lot 8 of block 6, as designated on the official map
of the townsite, of which lot the mining claim is a part. The
date of the original entry of the townsite was October 3,
1877, and the patent was issued February 10, 1886. It appears
from the findings that the mining location was duly made on
January 1, 1876, by Reid and Austin, and that their title
became vested in the plaintiff March 26, 1896.

1. The appellants claim that the decision is against law,
because there is no finding that at the time of the entry of the
townsite in 1877, or at any time thereafter, the land embraced
in the mining claim was known to contain minerals of such
extent and value as to justify expenditure for the purpose of
extracting them, citing in support of the proposition that
this is necessary *Richards* v. *Dower,* 81 Cal. 44; *Smith* v.
*Hill,* 89 Cal. 122; Lindley on Mines, sec. 176; and a number
of decisions of the United States supreme court. These de-
cisions, however, are not applicable to the case as shown by
the findings. At the time of the entry of the townsite, in 1877,
section 2329 of the U. S. Revised Statutes (U. S. Comp. Stats.
1901, p. 1549) relative to townsite entries provided. that
"no title shall be acquired, under the foregoing provisions
of this chapter, to any mine of gold, silver, cinnabar, or
copper, or to any valid mining claim or possession held
under existing laws." It will be observed that this section
prevents the townsite entry from carrying title to two classes
of mining claims. The first class need not be characterized
by possession in any person. It is sufficient if in fact the
property is a known mine of gold, silver, cinnabar, or copper.
It is to this class of mining claims that the decisions above cited
refer. They are in effect that it is not sufficient that there be
in fact a mine of gold, silver, cinnabar, or copper, unless at the
time of the townsite entry it is known to be such. The other
class of mining claims referred to in the section consists of
any valid mining claim or possession held under existing laws.
The claim under consideration in this case belongs to this
class. The court finds that Reid took exclusive possession of
the mining claim in the year 1854, and discovered valuable

gold-bearing quartz-rock in place thereon in sufficient quanti-
ties to justify exploration and development, and did thereafter
continue to hold, work, operate, and develop the said mining
claim in the manner required by law until he conveyed the
same to the plaintiff, in 1896. It therefore appears that at
the time of the townsite entry, and at all times since, the
claim in question was a valid mining claim and possession held
under existing laws. In this class of cases it is immaterial
whether the claim was known to contain minerals of sufficient
value to justify exploration or not.

There is no finding that since the relocation in 1876 the
claim has been kept alive by doing the assessment-work re-
quired. This omission, however, cannot affect the case. The
statement on motion for new trial shows that there was no
evidence given which would justify a finding that there had
been a failure to do the assessment-work. Where there has
been a valid location of a mining claim, and possession has
been maintained thereunder, the fact of a failure to do the
assessment-work necessary to hold the same is a matter of
defense. It constitutes in law a forfeiture of the title, or
right of possession, and, as is the rule generally in respect to
forfeitures, the burden of proving the facts which constitute
it rests upon the party asserting it. (*Emerson* v. *McWhirter,*
133 Cal. 515; *Harris* v. *Kellogg,* 117 Cal. 489; *Quigley* v.
*Gillett,* 101 Cal. 462; *Hammer* v. *Garfield etc. Co.,* 130 U. S.
291.) The failure to find upon the facts in issue constituting
a defense to an action will not justify a reversal, unless it is
shown that there was evidence given from which such facts
could be found. (*Himmelman* v. *Henry,* 84 Cal. 104; *Wise*
v. *Burton,* 73 Cal. 175; *Winslow* v. *Gohransen,* 88 Cal. 450;
*Giletti* v. *Saracco,* 110 Cal. 428; *Klokke* v. *Escailler,* 124 Cal.
297; *Stewart* v. *Hollingsworth,* 129 Cal. 180.) As a matter
of fact, the statement here shows that there was abundant
evidence from which the court might have found that the
assessment-work had been regularly done from year to year
from the first location of the mine until the time of beginning
this action, and none to the contrary. So much the more,
therefore, would the rule apply that the failure to find this
fact would not invalidate the judgment.

2. It is claimed by the appellant that the finding that

valuable gold-bearing rock had been discovered upon the mine prior to the application for the townsite patent is not sustained by the evidence. We have examined the record and find that there is sufficient evidence on the subject to sustain the finding to that effect.

3. The court did not err in overruling the objection to the question put to one of the plaintiff's witnesses whether or not the same vein that ran through the Rhode Island Mine also ran through the Mount Jefferson Mine. It was in evidence that the two mines joined, and the fact that the same vein ran through both mines was of some assistance in identifying the mining claim and its location on the ground.

We do not consider it necessary to mention other and minor points contained in the brief. They would not be of sufficient importance to justify a reversal of the case, even if it was conceded that the court erred therein.

The judgment is affirmed.

Angellotti, J., Van Dyke, J., McFarland, J., and Lorigan, J., concurred.