[Civ. No. 7334. Third Dist. Apr. 11, 1947.]

E. A. WILTSEE, Respondent, v. A. H. UTLEY et al., Appellants.

R. H. Schwab for Appellants.

T. L. Chamberlain, Louis F. Schofield and Henry S. Lyon for Respondent.

ADAMS, P. J.—Appellants, defendants in the court below, have appealed from a judgment for plaintiff which adjudged that, subject to the paramount title of the United States of America, plaintiff is the owner and entitled to possession of a mining claim known as the Junction Bar Placer Claim, and that the defendants have no right, title or interest in said property.

Plaintiff's complaint alleged (par. II) that plaintiff was the owner and entitled to the possession of said property (describing it); that (par. III) theretofore while plaintiff was in lawful possession of said claim, and during the absence of plaintiff, defendants unlawfully entered thereon, purported to make discovery of valuable placer deposits, and to locate same; that (par. IV) said property was not then open to location because it had been withdrawn from entry by the federal government as valuable for a power site; that (par. V) plaintiff was the successor in interest of J. A. Shields and W. E. Polifka who had located the claim in May, 1916, and that at the date of withdrawal of the land from entry said Shields and Polifka were in possession and were owners of said claim by reason of said location in 1916; that (par. VI) prior to the filing of the complaint plaintiff had caused to be served upon defendants a notice to vacate said premises, that defendants had failed to do so, and unless restrained would continue in possession and remove gold, etc., therefrom.

A demurrer to the complaint having been overruled, defendants answered denying the allegations of paragraphs II, III, IV and V, but, by failure to deny, admitting the allegations of paragraph VI. They did not allege any title or right to possession in themselves.

The action proceeded to trial before the court without a jury. Plaintiff offered evidence of the location by Shields and Polifka, whereupon the validity of that location was admitted by defendants, Mr. Schwab, counsel for defendants, saying that there was no question that Shields and Polifka located the property in 1916, and adding: "I say this location was good." Plaintiff thereafter introduced evidence that Polifka had worked the said claim from time to time up to 1935, in which year he died. Plaintiff also introduced various proofs of labor, and notices of intention to hold filed during years when assessment work was not required, same having been filed by Shields and Polifka. Plaintiff also produced

proof that on the death of Polifka his estate, including the claim in controversy, had been distributed to certain heirs and that conveyances from these heirs to plaintiff, together with a conveyance from Shields on August 29, 1942, had been executed. He also introduced proofs of labor and notices of desire to hold filed by plaintiff thereafter.

The evidence does not show that assessment work was done every year after the original location was made or that notices of intention to hold were filed during all the years in which labor was not required to be done; therefore, defendants contended before the trial court, on a motion for a nonsuit, that plaintiff had failed to prove title in that an intention on the part of the original locators and their successors in interest to abandon should be presumed. The motion having been denied, defendants then introduced a notice of location of certain mining land, including a portion of the claim in controversy, made in 1930, by Shields and seven others, and certain notices of desire to hold filed by Shields and one of the other locators covering the years from 1933 to 1936. It was conceded that the aforesaid location was invalid because made after the land had been withdrawn from entry, but the evidence of location by Shields, and his subsequent notices of desire to hold, were introduced for the stated purpose of showing abandonment of the original location by Shields.

No other evidence was introduced by defendants, who rested their case upon the proposition that, though the original location made by Shields and Polifka was valid, plaintiff had failed to show ownership or right to possession in himself because there was sufficient evidence to prove an abandonment of the claim.

The trial court found against this contention of defendants, finding that plaintiff is the owner and entitled to the possession of the property in controversy, that the allegations of paragraphs III, IV and V of plaintiff's complaint are true, that neither plaintiff nor his predecessors in interest had ever forfeited or abandoned the said mining location, and that defendants had no right, title or interest in same, or any portion thereof.

On this appeal defendants assert that plaintiff's complaint lacks the necessary allegations for an action in ejectment in that it fails to allege possession by defendants at the commencement of the action, ouster by defendants, and continued

possession by them. Also that plaintiff failed to prove that he is the owner of the claim in that he failed to prove that the claim had not been abandoned by Polifka and Shields, and that plaintiff failed to prove that defendants had ousted plaintiff from the premises.

Regarding appellants' present contention that plaintiff's complaint was insufficient to state a cause of action in ejectment, scrutiny of the record in the case indicates that it was tried solely as one to determine plaintiff's title. And that title was considered the sole issue in the case is evidenced by numerous statements in the record to that effect. Mr. Schwab stated at the beginning of the trial: "To make my position clear, plaintiff depends upon a title which he has to prove before he is entitled to any consideration at all. There is no question about the original location having been made. The question that will develop is whether that location by Polifka and Shields has been brought down to date without any interruption." Later he stated: "You allege ownership, and that the defendants have no right, title or interest in the property. Essentially, that is the whole complaint. This is similar type of action in most respects to a suit in ejectment. The allegations are exactly the same"; and at the time of submission of the case to the trial court he said: "All that is before the court is the question as to whether or not the plaintiff in this action has title. Has proven a right to possession? That is all."

It is therefore apparent that defendants did not urge before the trial court the question of the sufficiency of the complaint to state a cause of action in ejectment; and it is also apparent that the judgment does not purport to adjudge anything but that plaintiff is the owner and entitled to possession and that defendants have no right, title or interest.

A party who has tried his case in the court below on one theory must adhere thereto on appeal. In *Merrill* v. *Kohlberg,* 29 Cal.App. 382, 387 [155 P. 824], where this rule was applied, the court quoted from *Lebcher* v. *Lambert,* 23 Utah 1 [63 P. 628], to the effect that: "To permit a party who has tried his case wholly or in part on a certain theory, which theory was acted on by the trial court, to change his position and adopt another and different theory on appeal, would not only be unfair to the trial court, but manifestly unjust to the opposing litigant; and especially would this

be true where, as in the case at bar, respondent insisted in the lower court on trying the case on the theory now contended for by appellant but, in pursuance of objections made by her, was overruled by the court.'' (Also see *Hayward L. & I. Co.* v. *Ford,* 64 Cal.App.2d 346, 354 [148 P.2d 689]; *Title Ins. & T. Co.* v. *Graham,* 44 Cal.App.2d 660, 662 [112 P.2d 935]; *Ralph* v. *Anderson,* 187 Cal. 45, 49 [200 P. 940].)

The reason for such rule, as stated in *Drullinger* v. *Erskine,* 71 Cal.App.2d 492, 499 [163 P.2d 48], is that ''It is apparent that if the defendants had suggested those defects of pleading, in the course of the trial, the plaintiff, upon application therefor, would have been granted leave to amend the complaint.'' Also as stated in that case, article VI, section 4½, of the Constitution provides that no judgment shall be set aside in any case for any error as to any matter of pleading unless the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice. Certainly here no such result would follow, for appellants have not urged any right or title in themselves or any possession by them, and therefore cannot be said to be injured by a failure of the complaint in the respects of which they complain.

As for appellants' contention that plaintiff failed to prove ownership, their argument in this connection is based upon an erroneous conception of the law, to wit: that in order to show such title it was incumbent upon plaintiff to prove, in addition to the concededly valid location of the premises in 1916, that assessment work was done every year, or that during periods when such labor was not required, the alternative intention to hold was filed; and that it was also incumbent upon said plaintiff to show affirmatively that there had never been any abandonment by the locators or their successors.

Such, however, is not the law. Failure to do annual assessment work does not *ipso facto* forfeit a claim. It was said in *Ickes* v. *Virginia-Colorado Development Corp.,* 295 U.S. 639, 645 [55 S.Ct. 888, 79 L.Ed. 1627, 1629]: ''The character and extent of the right which plaintiff acquired by virtue of its location of the mining claims, in 1917, are well established. Restating the rule declared by many decisions, we said in *Wilbur* v. *United States,* 280 U.S. 306, 316 [50 S.Ct. 103, 74 L.Ed. 445, 449], that such a location, perfected under the law, 'has the effect of a grant by the United States of the right of present and exclusive possession. The claim is prop-

erty in the fullest sense of that term.' It is alienable, inheritable, and taxable. . . . Under section 2324 of the Revised Statutes (U.S.C. title 30, § 28), the owner is required to perform labor of the value of $100 annually, but a failure to do so does not *ipso facto* forfeit his claim, but only renders it subject to loss by relocation. The law is clear 'that no relocation can be made if work be resumed after default and before such relocation.' " Also see 1 Lindley on Mines (2d ed.), p. 728, § 405; 17 Cal.Jur., p. 402, § 78; *Temescal Oil etc. Co.* v. *Salcido,* 137 Cal. 211 [69 P. 1010]; *Ames* v. *Empire Star Mines Co.,* 17 Cal.2d 213, 223-224 [110 P.2d 13].

In the instant case the record shows that, while there were apparently intervals during which no annual assessment work was performed, such work was thereafter resumed, and that no relocation by any other person or persons intervened. While, as above stated, evidence of a relocation by Shields and others in 1930 was introduced, it was conceded that such attempted relocation was ineffective because the land had then been withdrawn for power purposes (subject, of course, to the valid prior location), and defendants stated that they were introducing such evidence solely for the purpose of showing an abandonment of the prior location by Shields.

On the subject of abandonment the rule of the law is that there can be no abandonment without an intention to abandon. (*Del Giorgio* v. *Powers,* 27 Cal.App.2d 668, 680 [81 P.2d 1006]; *Crane* v. *French,* 39 Cal.App.2d 642, 655 [104 P.2d 53]; *Templar Mining Co.* v. *Williams,* 23 Cal.App.2d 45, 50 [72 P.2d 566].) Intention to abandon is, of course, a matter of fact for the trier of the facts. Appellants themselves cite authorities which so hold. See *Myers* v. *Spooner,* 55 Cal. 257, 260; *Del Giorgio* v. *Powers, supra.* They also concede in their brief that "abandonment is a question of fact." And while failure to do annual assessment is an element to be considered in determining whether there has been an abandonment (*Del Giorgio* v. *Powers, supra*), it does not, of itself, compel a conclusion that there has been such abandonment, especially where, as here, work has been resumed. In *Crane* v. *French, supra,* the court said that absence from a claim, even for a period of five years, does not operate as an abandonment in the absence of proof of intent; and that intent to abandon must be established by clear proof. In this case, the trial court has found that "neither

plaintiff or [his] predecessors in interest have ever forfeited and or abandoned said mining location''; and said finding is conclusive upon this court since there is ample evidence in the record to justify it.

Furthermore, insofar as the relocation by Shields and his associates in 1930, is relied upon by appellants as evidence of abandonment by Shields, such action cannot be said to have constituted an abandonment on his part, especially as against Polifka and his successors in interest; and even if it were construed as an abandonment on his part, it would not have effected an abandonment of the entire claim but would merely have passed Shields' interest to his cotenant, Polifka. (*Crane* v. *French, supra,* at p. 656, citing 40 C.J. 842, and *Worthen* v. *Sidway,* 72 Ark. 215 [79 S.W. 777].) And since the attempted relocation by Shields and others was invalid, any assessment work done by Shields thereafter is properly attributable to the prior valid location by him and Polifka. (*Temescal Oil etc. Co.* v. *Salcido, supra,* at p. 213.) Nor does the fact that no assessment work was done by the heirs of Polifka compel a conclusion that they abandoned the rights to which they succeeded on his death. The very fact that Polifka's administrator included the claim in the estate and that it was thereafter distributed to the heirs as property, is some evidence of the absence of an intention to abandon. (*Crane* v. *French, supra,* at p. 656.)

Appellants make some contention that the burden was on plaintiff to show that there had been no abandonment of the claim; but such burden is, on the contrary, imposed upon the party asserting it. (See 2 Lindley on Mines (3rd ed.), p. 1600; *Callahan* v. *James,* 141 Cal. 291, 294 [74 P. 853].) But wherever the burden lay in this case, it cannot be said that there is insufficient evidence to support the finding of the trial court that there was no abandonment.

Appellants finally urge in their brief that there is no sufficient allegation, and no proof whatever, that defendants ousted plaintiff from the premises. But we are unable to see that this contention has any significance in the case. The case was tried solely as an action to quiet title. And while the complaint contained some allegations that defendants had failed to vacate the premises and unless enjoined would continue in possession and remove gold and other metals therefrom, which allegations (par. VI of plaintiff's complaint) were not denied, the trial court made no finding thereon, and in its

judgment merely quieted plaintiff's title, and adjudged that defendants have no right, title or interest in the premises. It did not purport to eject defendants from the claim, or to enjoin them in any respect.

We find no merit in the appeal, wherefore the judgment is affirmed.

Schottky, J. pro tem., and Peek, J., concurred.