572 P.2d 1252

**LAGUNA DEVELOPMENT COMPANY, a corporation, Plaintiff-Appellant,**

v.

**McALESTER FUEL COMPANY, a corporation, and Herbert J. Miller, Defendants-Appellees.**

**No. 11339.**

Supreme Court of New Mexico.

Dec. 16, 1977.

John W. Shaver, Deming, for appellant.

J. Wayne Woodbury, Silver City, for appellees.

## OPINION

FEDERICI, Justice.

This declaratory judgment action was brought in the District Court of Grant County to determine the ownership of an undivided interest in certain unpatented lode mining claims in the Burro Mountain Mining District of Grant County, New Mexico. The facts upon which the case was heard below were stipulated, and may be summarized as follows.

Prior to and on December 9, 1974, defendants McAlester Fuel Company and Miller

(appellees) together were the co-owners of an undivided one-third interest in the Grant County mining claims. USNR Mining· and Minerals, Inc. (USNR) owned the remaining undivided two-thirds interest in the claims. At this time all of the claims in question were valid and subsisting lode mining claims under the laws of the United States and the State of New Mexico.

On December 9, 1974, USNR executed and filed in the office of the County Clerk of Grant County a "Notice of Abandonment," under the provisions of § 63–2–12, N.M.S.A.1953 (Repl.1974). It is stipulated that USNR at this time intended to and did abandon all of its undivided two-thirds interest in the Grant County mining claims with an intention never to return. It is further stipulated that during the assessment years 1974–75 and 1975–76, and after the tenth day of July 1975, the appellees "caused to be done and performed the necessary annual assessment work required to be done on said claims for such period, and that proper proofs of labor for such assessment work have been filed in the office of the County Clerk of Grant County, New Mexico."

Between the first of May and the tenth of July 1975, after USNR's notice of abandonment was filed, the predecessor in interest of the plaintiff Laguna Development Company (appellant) entered upon and "located" all of the Grant County mining claims, performed all work necessary to perfect them as unpatented lode claims, discovered minerals in each of the claims, and thereafter conveyed all of his interest in the claims to the appellant, Laguna Development Company.

Appellant seeks to be declared the owner of a two-thirds undivided interest in the disputed claims (which previously belonged to USNR and was expressly abandoned by that company) by virtue of a sufficient location or relocation of the claims by appellant's predecessor in interest following the abandonment by USNR. Appellant urges upon this Court in this regard that an undivided interest in a mining claim abandoned by its owner reverts to the public domain and is open to relocation by the first comer.

Appellees claim undivided ownership of the whole of the mining claims by virtue of their prior ownership of a one-third undivided interest therein and their succeeding to ownership of the remaining two-thirds undivided interest upon the abandonment thereof by their former co-tenant, USNR.

On the action to determine ownership of the undivided two-thirds interest in the Grant County claims previously owned and then abandoned by USNR the trial court held for appellees, concluding that when USNR abandoned its interest in the claims that interest "passed out," leaving the entire claim to the remaining co-owners, McAlester Fuel Company and Miller. The trial court additionally found that the attempted locations of the claims by appellant's predecessor in interest were initiated in trespass, and that these attempted locations were void and of no effect. We affirm the judgment of the trial court.

The narrow question presented to us by these facts is this: When USNR abandoned its undivided two-thirds interest in the Grant County Mining claims, what became of that interest? Did it, as appellant asserts, revert to the public domain and become subject to relocation by the first comer? Or did it, as appellees assert and the trial court held, "pass out," leaving the entire claim to the remaining co-owners? Because this is an important question, and one of first impression in this jurisdiction, we will briefly review the doctrine of abandonment as it applies to mining claims generally before proceeding to announce the rule which governs the question presented to us.

■ The principle of abandonment applicable to property interests generally is effective to divest ownership interests in minerals. 4 *American Law of Mining* § 22.10 (1976). The requirements for establishing and the consequences of an effective abandonment of a mining claim were stated in the early case of *Clarke v. Mallory*, 22 Cal. App.2d 55, 70 P.2d 664 (1937):

Upon the abandonment of an unpatented mining claim the property reverts as a part of the unoccupied public domain, and the rights of the original locator are divested by such abandonment and he has nothing thereafter to convey. Abandonment of a mining claim is a question of intention . . . and can be sustained only by a clear proof. . . . To constitute abandonment, therefore, of a mining claim there must be a relinquishment of all rights with the intention never to return, and with a voluntary and independent purpose to surrender the locations or claims to the next comer . . . (citations omitted).

70 P.2d at 667.

■ An abandonment need not be in writing, but it may be. 2 *American Law of Mining* § 8.1 (1977). Under New Mexico law, the owner of a mining claim who wishes to abandon it may sign and acknowledge and file for record a certificate describing the claim and the book and page where the location notice is recorded and stating that it is open and subject to location. Upon the filing of the certificate, the claim is considered abandoned and open to relocation as if it had never been located, and the owner is thereafter forever estopped from claiming any right or interest in the claim. Section 63–2–12, N.M.S.A. 1953 (Repl.1974); 2 *American Law of Mining* § 8.1 (1977).

■ This is the consequence of an abandonment of a mining claim by its owner, or by *all* of its multiple owners together. It is clear, however, that an act of abandonment by one of several co-owners does not have this consequence, for "[w]hile it is true that one co-tenant may abandon a mining claim as to his own interest, so as to preclude him from afterwards asserting an interest therein, he cannot abandon such claim so as to destroy the interest of the other co-tenant." *Clarke v. Mallory, supra.*

We agree with the following analysis of the question which arises when one co-owner or co-tenant abandons his interest in an unpatented mining claim:

A co-owner of a mining claim is not obliged to hold his interest in the claim longer than he desires, and if the prospects seem doubtful, he may abandon his interest in the claim. If the abandoning co-owner is authorized to act on behalf of the other co-owners, then the abandonment affects not only his interest but also the interests of those for whom he acts. In the absence of such authority, however, the abandonment by one co-owner of his interest in the claim cannot affect the title of the other co-owners. What becomes of the abandoned interest? . . The more common view is that, although abandonment by one co-owner does not inure to the benefit of the other co-owners, his abandonment results in his interest "passing out," leaving the entire claim to the remaining co-owners.

2 *American Law of Mining* § 8.7 (1977).

■ We are in accord with "the more common view" and we adopt this rule:

[A]bandonment of a mining claim by one co-owner does not effect an abandonment of the entire claim; it merely passes the interest of the abandoning co-owner to the other co-owners if they continue to do the necessary work to preserve the claim. Compliance with the statute recognizing the rights of co-owners to do the assessment work or take the necessary steps to otherwise preserve the claim, will pass the abandoned interest to the other co-owners.

4 *American Law of Mining* § 22.10 (1976)

■ The "necessary work to preserve the claim" is that work required by 30 U.S.C. § 28 (1970), which provides that "[o]n each claim . . . not less than $100 worth of labor shall be performed or improvements made during each year. . . ." It has been stipulated by the parties to this cause that following USNR's notice of abandonment of its interest in the Grant County mining claims had been filed (December 9, 1974), the appellee's "caused to be done and performed the necessary annual assessment work required to be done on said claims." Appellees having done the necessary work to preserve the claims, the

undivided two-thirds interest abandoned by USNR, their former co-tenant, passed to them, and appellees became co-owners of the entire interest in the claims.

The view expressed by us in this opinion is supported by the case law of other jurisdictions bearing on the question, as well as by text authority.

In the case of *Worthen v. Sidway*, 72 Ark. 215, 79 S.W. 777 (1904), the Supreme Court of Arkansas first found fact sufficient to indicate an abandonment of his interest in certain mining claims by the defendant Sidway. The court then stated:

> When Sidway abandoned his interest, it did not revert to the government. The law does not recognize the acquisition from the government of fractional parts of mining claims. Each claim must be located and acquired as a whole. The assessment work required to be done is entire. One of the owners cannot do his part and thereby save his part. *The result is, if one co-tenant abandons his interest, it passes out, and the other co-tenants acquire the entire claim by compliance with the statutes.* (Emphasis added.)

79 S.W. at 781.

■ For varied analysis leading to the like results *see also Wiltsee v. Utley*, 79 Cal.App.2d 71, 179 P.2d 13 (1947); *Crane v. French*, 39 Cal.App.2d 642, 104 P.2d 53 (1940). An attempted relocation of ground abandoned by one of several co-owners is void, and the trial court did not err in the instant case in holding that the attempted relocations of appellant's predecessor in interest were initiated in trespass and void. 2 *American Law of Mining* § 8.7 (1977); *Lehman v. Sutter*, 60 Mont. 97, 198 P. 1100 (1921).

■ Appellant asserts that § 63–2–12, N.M.S.A.1953 (Repl.1974), which establishes a statutory mechanism for abandonment of a mining claim and provides that upon filing of a certificate of abandonment "the mining claim therein described shall be considered abandoned and open to relocation as if the same had never been located," must be read together with § 63–2–5, N.M.S.A. 1953 (Repl.1974) which prescribes the way in which any mining ground must be relocated, as requiring affirmative action by the owner of an undivided interest in a mining claim to acquire the abandoned undivided interest of his former co-tenant. We disagree. Section 63–2–12 clearly contemplates an effective abandonment of the *entire* mining claim by its owner or by all of its co-owners together. The statute merely recites the common law rule that upon effective abandonment of an *entire* claim, the claim is open to relocation as if it had never been located. Section 63–2–12 has no applicability to abandonment by one co-tenant of his interest in a mining claim which, as noted above, is insufficient to work an abandonment as against remaining co-tenants.

■ Appellants also raise the doctrines of estoppel and laches to sustain their claim to the interest in the Grant County claims abandoned by USNR. The record is void of any indication that these theories or evidence in support of them were presented to the trial court, and we decline to consider then on appeal.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, J., concur.